UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| DALE F. MEYER, | Civ. No. 09-3205 (MJD/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

_____

Plaintiff Dale F. Meyer requests attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") from the Defendant Michael J. Astrue, the Commissioner of the Social Security Administration ("Commissioner"). The matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Plaintiff's motion for attorney fees be GRANTED.

I.   **BACKGROUND**

In this action, Meyer sought judicial review of the Commissioner's denial of disability benefits. Following the parties cross-motions for summary judgment, the undersigned recommended that this matter be remanded to the Social Security Administration (SSA) for further proceedings before an Administrative Law Judge (ALJ). (Dkt. 16). Neither party objected to the report and recommendation, and on February 3, 2011, Chief Judge Michael J. Davis summarily adopted the report and recommendation and remanded this matter to the SSA.

(Dkt. 18). Meyer now moves for attorney fees under the EAJA as the prevailing party in this action.

## II.  DISCUSSION

Under the EAJA, district courts have the authority to award costs and attorney fees to a prevailing plaintiff in an appeal from a denial of disability benefits by the Commissioner. The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In order to obtain an award pursuant to the EAJA, a party

> "shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff bears the burden of establishing that it was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989). Once a party establishes that he was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008). "[F]ees are not to be awarded just because the Secretary lost the case." Brouwers v. Bowen, 823 F.2d

2

273, 275 (8th Cir. 1987)(citing Jackson v. Bowen, 807 F.2d 127, 128-29 (8th Cir. 1986). "A substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Bah, 548 F.3d at 683-84 (quoting Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988)).  Moreover, the Commissioner must show that his "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988).

Because the substantial justification standard is more lenient, "[t]he Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole."  Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991)(citing Brouwers, 823 F.2d at 275).  Where the agency disregards evidence, bases its decision on slight evidence, or fails to fully develop the record, its position will not be substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764-65 (8th Cir. 2003).  A plaintiff may recover fees under the EAJA if a case has been remanded to the SSA.  Pottsmith v. Barnhart, 306 F.3d 526, 529 (8th Cir. 2002).

The Government does not dispute that Meyer was the prevailing party in this action. Rather, the Commissioner contends that his position was substantially justified.  The Court finds that the Commissioner has not sustained his burden of demonstrating that his position was substantially justified.

The Court will not reiterate in detail our analysis of the ALJ's errors, as this would be duplicative of our prior Report, which is incorporated herein by reference.  After a review of the Commissioner's final decision to deny benefits, the Court extensively detailed the errors

committed by the ALJ and recommended that the matter be remanded for further administrative proceedings, and the District Court adopted the Report and Recommendation in all respects.

In particular, the Court found that the ALJ had committed several errors in his credibility analysis of Meyer's subjective complaints of disabling pain. In reaching this conclusion, the Court found that the ALJ's decision contained "material inaccuracies and an incomplete analysis." (Id. at p. 17). The Court further advised that it was "particularly troubled by the ALJ's inaccurate characterization of the evidence in the record." (Id. at p. 18). Ultimately, the Court found that the ALJ had inaccurately characterized the nature and extent of Meyer's daily living activities, and had failed to explain how the extremely limited activities that Meyer described were inconsistent with a claim of disability. In addition, the Court found that the ALJ had failed to cite to any competent evidence in the record to support his conclusion that Meyer received significant relief from his medications. Given these errors, the Court found that it was unable to credit the ALJ's credibility analysis or his residual functional capacity assessment.

In formulating a decision, "an ALJ is required to construct a 'logical bridge' between the evidence and his conclusions." Jacobs v. Astrue, 2009 WL 943859 at *3 (D.Minn. Apr. 6, 2009)(citing Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). As the Court detailed in its Report, the ALJ did not establish a "logical bridge" between the evidence and his conclusions, because he mischaracterized, misstated, and drew unreasonable inferences from the evidence in the record. While the ALJ noted, in a conclusory fashion, the factors he believed undermined Meyer's credibility, his conclusions were either not adequately explained or were based on patently unreasonable characterizations of the evidence. Here, the Commissioner defended the ALJ's analysis and decision, even though the ALJ mischaracterized the evidence upon which he relied, and the Court finds that his position was therefore not substantially justified and did not

have a reasonable basis in law and fact. See, e.g., Trundle v. Bowen, 830 F.2d 807, 810-11 (8th Cir. 1987)(EAJA fees may be awarded if the ALJ fails to conduct a proper credibility analysis consistent with established circuit precedent); Wheat v. Heckler, 763 F.2d 1025, 1030 (8th Cir. 1985)(EAJA fees appropriate where ALJ failed to articulate legitimate reasons for disbelieving subjective complaints of pain).[1]

The Court will not address the Commissioner's remaining arguments regarding other aspects of the ALJ's decision, since it finds that the errors contained in the ALJ's credibility analysis were significant enough to establish that the Commissioner's position was not substantially justified. "The fact that the government may have prevailed upon most of the issues raised by plaintiff does not mean that the government's position was 'substantially justified' if the government's position was unreasonable as to the issue which required a remand of the decision to deny benefits." Wait v. Astrue, 495 F.Supp.2d 1131, 1133 (D.Kan. 2007)(citing Hackett v. Barnhart, 475 F.3d 1166, 1173 n. 1 (10th Cir. 2007); see also, Halverson v. Astrue, 2009 WL 2256380 at *4 (D.Minn. July 28, 2009)(same); Rodgers v. Astrue, 2011 WL 721528 at *3 (D.Minn. Feb. 3, 2011)(same); Stoops v. Astrue, 2009 WL 2382543 at *4 (D.Minn.

---

[1]  The Government argues its position had a reasonable basis in law and fact because the Courts have consistently held that a claimant's level of activity may undermine his credibility regarding subjective allegations of disabling limitations.  First, it should be noted that the Court's decision makes clear that the Commissioner's position **did not** have a reasonable basis in law and fact, because the ALJ did not properly support his credibility determination and mischaracterized the evidence on which he relied.  Moreover, while this is a generally accurate statement of the law, it is **also** well established that a claimant need not be bed-ridden in order to be considered disabled. Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989)(while daily living activities may be relevant in evaluating a claimant's ability to work, it is well-settled that "a claimant need not prove she is bedridden or completely helpless to be found disabled.").  In this case, the Court was troubled by the ALJ's inaccurate characterization of the evidence, and his failure to properly consider that a claimant must be capable of conducting work activities on a regular and continuing basis in a workplace environment.  See Reed v. Barnhart, 399 F.3d 917, 923 (8th Cir. 2005)(finding no inconsistency between plaintiff' ability to engage in certain activities, given the "limitations of her ability to perform many of these activities alluded to but not explained by the ALJ").

July 10, 2009)(same). For the reasons stated above, the ALJ's credibility assessment did not have a reasonable basis in law or in fact, and therefore, the Government's position was not substantially justified. Therefore, Meyer is entitled to an award of attorney fees under the EAJA.

Having determined that an award of attorney fees is appropriate, the Court must now determine the amount of fees to be awarded to Meyer. Meyer asks for an award of fees calculated according to an hourly rate of $172.50. Ordinarily, attorney fees may not exceed the rate "of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In addition, the Commissioner does not challenge the requested hourly rate, and the Court finds that the increase in the cost of living, based on the Consumer Price Index and counsel's customary rate ($300.00 per hour), justifies an hourly rate of $172.50. The Commissioner also does not challenge the 24 hours billed by Meyer's attorney, and the Court's review of the billing records satisfies the Court that the amount of time spent on Meyer's case was reasonable. As such, the Court finds that Meyer shall be awarded attorney fees in the amount of $4070.00.[2]

Finally, the Commissioner notes that an EAJA award is generally payable to the prevailing party, not the attorney, and is therefore subject to offset of any preexisting debt the party owes to the United States. Astrue v. Ratliff, --- U.S. --- , 130 S.Ct. 2521, 2526-27 (2010) (holding that an EAJA fee award should be paid directly to the prevailing party rather than his attorney). However, since Ratliff, other district courts in this Circuit have ordered fees paid directly to counsel as long as the Government is afforded an opportunity to offset any preexisting debt owed by the plaintiff, and the plaintiff has assigned all rights in the fee award to counsel.

---

[2] This amount reflects .8 hour charged at the rate of $85.00 per hour for work on Plaintiff's case completed by "DMP," which the Court assumes represents work completed by the attorney's support staff.

Flowers v. Astrue, 2010 WL 4876748 at *2 (W.D.Ark. Nov. 23, 2010); Dornbusch v. Astrue, 2011 WL 779781 at *1 (D.Minn. Mar. 1, 2011)("The Court believes that paying the fee award (minus any offset) directly to [plaintiff's] attorney **pursuant to her instructions** is not in any way inconsistent with Ratliff")[emphasis retained].  Here, Meyer has filed with this Court an affidavit in which he assigns his right to any attorney fees that are recovered under the EAJA to his attorney.  (Dkt. 23).  Moreover, the Commissioner does not object to directing the remainder of the award directly to Meyer's counsel, after offset is made for any pre-existing debt owed by Meyer to the United States.  (Def.'s Memo. in Opp., Dkt. 27, at pp. 8-9).  Accordingly, the EAJA award should be paid directly to Meyer's attorney.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that

1. Plaintiff Dale F. Meyer's Motion for Attorney Fees [Docket No. 20] be **GRANTED**;

2. Plaintiff Dale F. Meyer be awarded $4070.00 in reasonable attorney's fees, subject to offset by any preexisting debt that he owes to the United States;

3. Pursuant to the assignment of EAJA Fee award signed by Plaintiff and filed with this Court [Docket No. 23], the Commissioner be directed to pay the above-awarded fees, minus any applicable offset, directly to Neut L. Strandemo.

Dated: August 25, 2011
s/Leo I. Brisbois_____
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 8, 2011,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.